## COFFIN *v.* BATESVILLE CITY RAILWAY COMPANY.

### Opinion delivered March 27, 1897.

STREET RAILWAY—MORTGAGE SALE—REMOVAL—DAMAGES.—A street railway company is not entitled to recover damages from a purchaser of its road bed under a mortgage sale who tore up the track and sold the material prior to the expiration of the period of redemption where the road bed was worth only what its materials were worth in the market, and such value did not exceed the price paid by the purchaser under the mortgage.

Appeal from Independence Circuit Court in Chancery.

JAMES W. BUTLER, Judge.

*Dodge & Johnson* for appellant.

*H. S. Coleman* for appellee.

BATTLE, J.   Maxwell Coffin purchased the track of the Batesville City Railway Company, and all the interest the railway company had in a certain tract of land which contained 3.02 acres, and the car stables thereon, and three cars. The purchase was at a sale made by a trustee in the exercise of the power contained in a deed of trust executed by the railway company to secure a debt. Coffin paid $1,050, for the property, but acquired no title to or interest in the 3.02 acres and the stables. The track purchased was the street railway

constructed in the town of Batesville in this state. After purchasing the property, he destroyed the track by tearing it up, and sold the iron rails thereof, and the cars. After this the railway company brought this action against him, and claimed the right to redeem all the property purchased, except the three cars, and asked for the enforcement of the right, and offered to pay into court, "as a condition precedent to the entering of record of any decree of redemption, such sum of money, if any, as may be due the defendant as purchase money, after he shall have been held to account" for the damages caused, and the rents and profits received, by him, and the value of the cars; and, if the latter item exceeded the amount due the defendant as purchase money, asked for judgment for the excess.

Upon the hearing the court found that the railway taken up by the defendant was real estate; that the plaintiff had a right to redeem within a year by paying the amount of the purchase price, $1,050, and 10 per cent. interest thereon, and cost of sale, amounting to $146; that the value of the property taken up and removed was $1750; that the plaintiff was entitled to recover of the defendant the difference, $554; and rendered judgment accordingly. And the defendant appealed.

As the appellant tore up and removed the rails, which constituted the track, and sold them and the cars, and acquired no interest in the 3.02 acres, the only matter in controversy is the right to redeem the street railway, and, if such a right exists, the value of the redemption. As the street railway has ceased to exist, and the materials which composed it have been removed and sold, the only question necessary for us to decide is the difference between the value of the railway and the amount necessary to reedem, if the right of redemption be conceded. It is sufficient to say, upon this question, that

we have compared and carefully considered all the evidence in the record, and find the value of the railway, as shown by the clear preponderance of the evidence, to be what the materials, iron rails and cross ties, were worth in the market, and that such value did not exceed the price paid for them by the appellant at the sale under the deed of trust. That being true, appellee was not entitled to recover anything as damages by reason of the right to redeem, if any existed. As the recovery of damages seems to be the whole object of the suit, it is unnecessary to decide any other question.

The decree of the circuit court is therefore reversed, and the complaint dismissed.